NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EAST COAST DISTRIBUTORS, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 08-5297 (JAP) |
| v. | : : | **OPINION** |
| LOCAL 863, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSERS and HELPERS OF AMERICA | : : : : : | |
| Defendant. | : : | |

PISANO, District Judge:

Presently before the Court is Plaintiff East Coast Distributors, Inc.'s ("East Coast") motion for summary judgment to vacate a Clarification of Remedial Arbitration Award, and Defendant Local 863, International Brotherhood of Teamsters, Chauffeurs, Warehousers and Helpers of America's ("Local 863") cross-motion for summary judgment seeking to confirm said Clarification of Remedial Arbitration Award.  For the reasons that follow, Plaintiff's motion for summary judgment is denied, Defendant's motion for summary judgment is granted, and the arbitration award is confirmed.

**I.    Background**

The facts of this case are well known to the parties, therefore, only those facts relevant to the instant motion are recited herein.  This matter first came before the Court on May 24, 2006, when East Coast sought to vacate an arbitration award entered against it in favor of Local 863.  (06-2368, Docket Entry No. 1).  Local 863 sought to confirm the award.  (06-2368, Docket Entry No. 3).  In an opinion on the record, this Court confirmed the arbitration award as to the

1

arbitrator's findings of fact and liability, but found that the remedy contained in the award was ambiguous and so remanded the issue of damages to the arbitrator for clarification. (Affirmation of Michael P. Collins, Exhibit 24; 06-2368, Docket Entry No. 23). The arbitrator revisited the issue of damages, and after further investigation and numerous hearings on the matter, issued a Clarification of Remedial Award Upon Remand of the Court clarifying the original remedy and requiring East Coast to

> pay damages to Local 863, IBT, retroactively and prospectively, measured in the form of "Lost Dues" payable monthly, beginning September 1, 2005 and concluding August 31, 2013, for failing to give work to Local 863 and its Members at the "Benchmark" Pennsylvania facility in August 2005, by denying Local 863 Members employed at "East Coast" New Jersey facility timely opportunity to transfer to the "Benchmark" Pennsylvania facility in August 2005. By its intentional acts, East Coast Distributors prevented Local 863, IBT from organizing employees at the "Benchmark" facility prior to, and in, August 2005.

The award defines "Lost Dues" as "the measure of damages calculated by multiplying the number of bargaining unit employees employed at the Benchmark facility each month, …, times the monthly dues rate (determined as 2x the hourly wage rate, in effect at the applicable time, plus $1)." (Affirmation of Michael P. Collins, Exhibit 32).

On October 23, 2008, East Coast filed a complaint seeking to vacate the Clarification of Remedial Award, alleging that the arbitrator "failed to resolve the questions posed by Judge Pisano in the Order of Remand or to draw the award's essence from the agreement before him," East Coast contends that "[t]he Arbitrator, instead, dispensed his own brand of industrial justice." (08-5297, Docket Entry No. 1). Local 863 disagrees with East Coasts' assessment and seeks to confirm the Clarification of Remedial Award issued by the arbitrator. (08-5297, Docket Entry No. 5).

II. Discussion

There is a federal policy of settling labor disputes through binding arbitration. *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370 (1987). Therefore, "the courts play only a limited role when asked to review the decision of an arbitrator." *Id.* Courts may not "reconsider the merits of an award" provided the award "'draws its essence from the collective bargaining agreement' and is not merely '[the arbitrator's] own brand of industrial justice.'" *Id.* (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361 (1960)). A court is not permitted to reject an arbitration award because it disagrees with the arbitrator's finding of fact or interpretation of the collective bargaining agreement. *Id.* at 38, 371. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced that he committed serious error does not suffice to overturn his decision." *Id.* When a collective bargaining agreement contemplates that an arbitrator will determine the remedy for breach, "courts have no authority to disagree with his honest judgment in that respect" and must enforce the award absent fraud or dishonesty. *Id.*

The Court has already confirmed the factual findings and liability determination of the arbitrator; therefore, they will not be revisited in this Opinion. In its complaint asking this court to vacate the Clarification of Remedial Award, East Coast asserts that the arbitrator "failed to resolve the questions posed by [this Court] in the Order of Remand." The Court disagrees. At the December 20, 2006 hearing on confirmation of the original arbitration award, this court expressed confusion over the remedial portion of the award. The Court noted that the award required East Coast to either give the work at the Benchmark facility to Local 863, or "make Local 863 whole for lost dues from the point in time that employees commenced bargaining unit work at the Benchmark facility in Pennsylvania and to continue for as long as the work is not

3

assigned to members of Teamster Local 863." The Court added that this remedy raised three questions: "what employees, how many employees, and whose employees." The Court expressed confusion over whether the award related to the entire workforce at the Benchmark facility or to the number of East Coast employees who were denied transfer to the Benchmark facility. The Court is satisfied that the arbitrator addressed these concerns and eliminated any confusion in the Clarification of Remedial Award at issue in this action.

The arbitrator articulated his rationale in an 18 page Opinion accompanying the award. In his Opinion, the arbitrator summarizes interviews of 59 East Coast employees who had expressed an interest in transferring to the Benchmark facility in 2005. The interviews were conducted over two days, at the East Coast facility, with representatives of Local 863 and East Coast present. Of the 59 employees interviewed 50 indicated that they had expressed an interest in transferring to the Benchmark facility in 2005. The majority of the employees indicated that they were only interested in a transfer if they would be subject to the same conditions, i.e., the same wages, benefits, and seniority. After conducting the interviews, the arbitrator concluded that "there was a definite level of interest among [East Coast] warehouse employees interviewed for the opportunity to consider a transfer."

The arbitrator reasoned that East Coast did not offer its employees the opportunity to transfer to the Benchmark facility because it wished to avoid Local 863 representation at the Benchmark facility. The arbitrator, citing *NLRB v. Joesph Magnin, Co.*, 704 F.2d 1457 (9th Cir. 1983), held that "where an entity [] wrongly prevented transfers, thereby precluding a determination of majority status, [a] majority is deemed to exist and a remedy may be provided." He then fashioned a remedy in the form of lost dues for the entire Benchmark facility. The arbitrator based his decision to extend the period in which damages must be paid to Local 863

two years beyond expiration of the Benchmark/Local 773 contract on the long-term collective bargaining relationship between East Coast and Local 863.

The Court is satisfied that the arbitrator drew the essence of the award from the parties' collective bargaining agreement and did not dispense "his own brand of industrial justice" as East Coast contends. Further, there is no evidence that the arbitrator's decision was procured by fraud or dishonesty. Therefore, this Court confirms the Clarification of Remedial Award issued by the arbitrator on May 7, 2008.

### III. Conclusion

For the reasons above, Plaintiff's motion summary judgment is denied, Defendant's motion for summary judgment is granted, and the arbitration award is confirmed. An appropriate Order accompanies this opinion.

/s/ JOEL A. PISANO  
United States District Judge

Dated: December 15, 2009